# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OPEN TOP SIGHTSEEING USA, *et al.* | |
| Plaintiffs, | Civil Action No. 14-820 (BAH) |
| v. | Judge Beryl A. Howell |
| MR. SIGHTSEEING, LLC, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

Pending before the Court in this contract and trademark dispute are two motions filed by the plaintiffs: a Motion for Preliminary Injunction ("Pls.' PI Mot."), ECF No. 4, and a Motion for an Extension of Time/Continuance and Notice of Intent to Withdraw and Substitute Counsel ("Pls.' Mot."), ECF No. 16. In the latter motion, the plaintiffs seek to amend this Court's scheduling order of May 27, 2014, which granted the scheduling order requested by the plaintiffs for considering the plaintiffs' pending motion for preliminary injunctive relief. *See* Pls.' Mot. at 1. Specifically, the plaintiffs are moving for a "short continuance of the July 1, 2014 hearing on the Motion for Preliminary Injunction" and to extend the deadlines for the plaintiffs' filing of a reply and any supplemental affidavits. *See id.* The plaintiffs' Motion for Preliminary Injunction is denied and the plaintiff's Motion for an Extension of Time is denied as moot.

## I. BACKGROUND

For the purposes of resolving the instant motions, the Court presumes the parties are familiar with the facts and briefly describes the procedural history of this matter. The plaintiffs filed their Complaint, seeking permanent injunctive relief and damages, on May 19, 2014, more than thirty days after the defendants began engaging in the activity the plaintiffs claim violates

their trade dress and breaches the severance agreements signed by the defendants. *See* Compl. ¶¶ 65–70, ECF No. 1. On the same date, the plaintiffs filed their motion for a preliminary injunction. *See* Pls.' PI Mot. at 1. The Court ordered the plaintiffs to submit proof of service on the defendants and a preliminary briefing schedule by May 23, 2014, in an effort to address promptly the plaintiffs' allegations of irreparable harm stemming from the defendants' continued operation. *See* Order Controlling Preliminary Injunction Proceedings at 1, ECF No. 9. In response, the plaintiffs submitted a briefing schedule that set a hearing on the plaintiffs' Motion for Preliminary Injunction during the first week of July, 2014. *See* Proposed Sched. Prelim. Inj. Hr'g, at 1, ECF No. 12. The Court set the hearing for the first day the plaintiffs' counsel indicated they would be available, July 1, 2014. *See* Minute Order, May 27, 2014.

By the plaintiffs' own proposed scheduling order, the Court would be unable to rule on their motion for a preliminary injunction until well after the twenty-one day time limit for a hearing imposed by this District's Local Civil Rule 65.1(d). Indeed, the plaintiffs' schedule sets the hearing for forty-three days after the plaintiffs filed their motions and at least seventy-nine days after the defendants' conduct, which is allegedly causing the plaintiffs irreparable harm, began. *See* Compl. ¶ 65. The plaintiffs now seek an indefinite extension of the hearing on their motion for preliminary injunctive relief or, in the alternative, at least two additional weeks, *see* Pls.' Mot. at 2, to give the plaintiffs time to secure new counsel, since the plaintiffs' present counsel has determined that the continued representation of the plaintiffs represents an insurmountable conflict of interest necessitating withdrawal, *see id.* at 1–2.

The defendants oppose the plaintiffs' motion for an extension of time, averring that the plaintiffs' pending motion for a preliminary injunction "has a chilling effect on Defendants, potentially causing fear in the marketplace as to who can or cannot be hired. Moreover,

Defendants note that the Summer months are the peak season for the tour bus industry in Washington, DC, and pendency of the preliminary injunction proceedings is disruptive to Defendants' business." Defs.' Opp'n Pls.' Mot. ("Defs.' Opp'n") ¶ 7, ECF No. 17.

## II. LEGAL STANDARD

"A [party] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011)) (alteration in original). A preliminary injunction, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2948 (2d ed. 1995)) (emphasis in original).

This Circuit has, in the past, followed the "sliding scale" approach to evaluating preliminary injunctions, where "a court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay if the movant has made a substantial case on the merits." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). Under the sliding scale approach, "if the movant makes a very strong showing of irreparable harm and there is no substantial harm to the non-movant, then a correspondingly lower standard can be applied for likelihood of success." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009).

There is some dispute as to whether the sliding scale approach is still viable, considering the Supreme Court's holding in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22

(2008), that a court may not issue "a preliminary injunction based only on a possibility of irreparable harm . . . [since] injunctive relief [i]s an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See also In re Navy Chaplaincy*, 738 F.3d 425, 428 (D.C. Cir. 2013) (requiring proof that all four prongs of preliminary injunction standard be met before injunctive relief can be issued). Thus, the plaintiffs bear the burden of persuasion on all four preliminary injunction factors in order to secure such an "extraordinary remedy."

### III. DISCUSSION

The defendants correctly point out that the "Plaintiffs' request to postpone these proceedings is inconsistent with its [sic] own argument" that the plaintiffs are suffering irreparable harm by the defendants' actions in operating their tour bus business. *See* Defs.' Opp'n ¶ 6. Even granting the plaintiffs' shortest requested extension, for two weeks, would stretch the time between the filing of the plaintiffs' motion for a preliminary injunction and a hearing on the motion to sixty-two days, nearly three times as long as required by Local Civil Rule 65.1. *See* Pls.' Mot. at 2. The plaintiffs' request for an extension of this duration is difficult to reconcile with the pending request for injunctive relief, since, "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original).

Courts have found that "[a]n unexcused delay in seeking extraordinary injunctive relief may be grounds for denial because such delay implies a lack of urgency and irreparable harm." *Newdow v. Bush*, 355 F. Supp. 2d 265, 292 (D.D.C. 2005). The D.C. Circuit has found that a delay of forty-four days before bringing action for injunctive relief was "inexcusable," and "bolstered" the "conclusion that an injunction should not issue," particularly where the party

4

seeking an injunction had knowledge of the pending nature of the alleged irreparable harm. *See Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975). Here, the plaintiffs delayed thirty-six days before filing for preliminary injunctive relief and have now moved to extend consideration by this Court to ninety-five days, at least, by moving to continue the pending hearing. *See* Compl. ¶ 65 (stating allegedly infringing company began operations on April 13, 2014). Such dilatory action, even if justified by the need to secure alternate counsel,[1] stands in stark contrast to the high bar the plaintiffs must clear to show irreparable harm. *See, e.g.*, *Frizzell*, 530 F.2d at 987; *Mylan Pharms., Inc. v. Shalala*, 81 F. Supp. 2d 30, 44 (D.D.C. 2000) (noting that delay of two months in bringing action for injunctive relief "militates against a finding of irreparable harm"); *Delmatoff, Greow, Morris Langhans, Inc. v. Children's Hosp. Nat'l Med. Ctr.*, No. 89-0219, 1989 WL 168856, at *3 (D.D.C. May 3, 1989) (finding, in trademark action, that "a substantial delay in moving for a preliminary injunction indicates that no irreparable harm will result if such relief is denied"); *Spiraledge, Inc. v. SeaWorld Entm't, Inc.*, No. 13cv296, 2013 WL 3467435, at *5 (S.D. Cal. July 9, 2013) (denying injunctive relief and finding delay in seeking such relief inexcusable despite ongoing settlement negotiations); *Nat'l Council of Arab Ams. v. City of New York*, 331 F. Supp. 2d 258, 265–66 (S.D.N.Y. 2004) (finding delay in filing for injunctive relief "argues strongly against granting a preliminary injunction").

The Court sees little difference between (1) filing a motion for a preliminary injunction but requesting delay in the hearing on that motion and (2) delaying the filing of the motion itself.

---

[1] The parties disagree as to whether the plaintiffs have moved in a timely manner to secure alternate counsel. Specifically, the defendants allege that they notified the plaintiffs' counsel of the conflict the plaintiffs' counsel now assert requires their withdrawal the day after the complaint was filed in this action, May 20, 2014. *See* Defs.' Opp'n ¶ 2. The plaintiffs' filings indicate that the plaintiffs have yet to secure new counsel by this date, twenty-nine days after allegedly being notified of the potential conflict. *See* Pls.' Mot. at 2; Pls.' Reply Defs.' Opp'n Pls.' Mot. ("Pls.' Reply") at 2, ECF No. 18. Indeed, the Court notes that the plaintiffs' counsel has not filed a motion to withdraw and have merely stated an intent to do so at some date in the indeterminate future. *See* Pls.' Mot. at 2.

The defendants argue that the mere presence of the motion for injunctive relief is causing a chilling effect on their business and hiring practices at the peak time of the tour bus season, Defs.' Opp'n ¶ 7, and the Court sees no reason to prolong that chilling.

The plaintiffs, by their actions in seeking to prolong the briefing and hearing on their motion for a preliminary injunction, have demonstrated that any alleged harm lacks the urgency and immediacy required to grant the extraordinary relief the plaintiffs' request. Consequently, the plaintiffs' Motion for a Preliminary Injunction is denied.[2]

## IV. CONCLUSION

For the foregoing reasons, the plaintiffs' Motion for a Preliminary Injunction is denied and the plaintiffs' Motion for an Extension of Time/Continuance is denied as moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 18, 2014

_____
BERYL A. HOWELL
United States District Judge

---

[2] Since the plaintiffs have failed to demonstrate irreparable harm, there is no need for the Court to consider the other factors of the preliminary injunction standard at this time. *See, e.g.*, *In re Navy Chaplaincy*, 738 F.3d at 428 (upholding district court denial of preliminary injunction based on failure to meet burden on one prong of test); *Spiraledge, Inc.*, 2013 WL 3467435, at *6 ("Because [the plaintiff] has failed to meet its burden of demonstrating that irreparable injury is likely in the absence of an injunction, the Court need not decide whether [the plaintiff] is likely to succeed on the merits.") (internal quotation marks and citation omitted).